486 So.2d 203 (1986)
Laurie FISK
v.
Edward WARMACK and Central Credit Corporation.
No. CA 84 1467.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
*204 A. Edward Hardin, Baton Rouge, for plaintiff-appellant Laurie Fisk.
Mary Catherine Cali, Baton Rouge, for defendants-appellees Edward Warmack, Central Credit Corp.
Before EDWARDS, LANIER and PONDER,[*] JJ.
PONDER, Judge.
This is a suit for defamation by a former employee of Central Credit Corp. and its president, Edward O. Warmack. Plaintiff appealed from the judgment for defendant. We affirm.
Laurie Fisk, employed as head cashier by Central Credit, was placed on leave of absence without pay on July 24, 1980, while the extent of allegedly unexplained cash shortages was being ascertained by both in-house and independent audits. A few days later Mr. Warmack filed with Ms. Fisk's fidelity surety a sworn proof of claim in which it was stated that Ms. Fisk had allegedly stolen $16,632.00. The surety company audited Central's records and denied the claim, stating there was no actual shortage.
Ms. Fisk alleged that "widespread knowledge within the finance community" of her dismissal, and the alleged theft of funds as the basis for her dismissal, made it impossible for her to obtain employment of a similar nature or one involving the handling of money. She seeks damages representing lost wages, mental pain and anguish, punitive damages, and attorney's fees.
The trial judge held Ms. Fisk failed to prove the existence of "widespread knowledge within the finance company community of her problems" and that "there was no malice on the part of Mr. Warmack or Central."

ASSIGNMENTS OF ERROR
Plaintiff-appellant assigns as error the trial court's finding of:
1. absence of malice on part of defendant;
2. presence of a qualified privilege; and
3. denial of recovery.

MALICE
The trial court's finding that plaintiff had failed to prove malice by either Mr. Warmack or Central is a finding of fact which will not be disturbed if the record, as a whole, reveals that such holding was not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We hold that the trial judge was not manifestly erroneous in holding that malice had not been proved. The first assignment of error is without merit.

QUALIFIED PRIVILEGE
Plaintiff argues a qualified privilege may be lost if the statements are made knowing of the falsity or with reckless disregard for the truth. Further, plaintiff argues that the privilege protects only those communications made primarily in furtherance of the interests of Central and the insurance company and the communication in the instant case was not protected because there was no requirement for the identification of any person thought to be guilty.
*205 Defendants-appellees argue that "even an accusation of a crime, if made to the proper parties, can be made in good faith and can fall within the protection of the qualified privilege," citing Carter v. Catfish Cabin, 316 So.2d 517 (La.App.2d Cir. 1975). Defendants further assert the qualified privilege of the proof of claim applies because it (a) was made in good faith, (b) on a subject matter in which the person initiating the communication has an interest or in reference to which he has a duty and (c) the communication was made to a person having a corresponding interest or duty, citing Toomer v. Breaux, 146 So.2d 723 (La.App. 3d Cir.1962).
Although the insurance company refused to pay the claimed loss because it ascertained that bookkeeping deficiencies or practices, rather than misappropriation, was the reason for the apparent, but nonexistent, shortage of funds, Mr. Warmack had a duty to his corporation to report "apparent shortages" to the fidelity insurer and the insurer had a corresponding duty or interest because it was contractually obligated to indemnify Central for any losses sustained through dishonesty of Central's employees. Appellees argue their good faith because "all the information Mr. Warmack possessed led to the inference that Ms. Fisk was indeed misappropriating the funds missing from his company's accounts."
In Ward v. Sears, Roebuck & Co., 339 So.2d 1255 (La.App. 1st Cir.1976), we observed that:

Toomer v. Breaux, 146 So.2d 723 (La. App. 3rd Cir.1962), establishes the rule that a publication enjoys a qualified or conditional privilege if made (a) in good faith; (b) on any subject matter in which the person communicating has an interest or in reference to which he has a duty; and, (c) to a person having a corresponding interest or duty. This privilege arises from the social necessity of permitting full and unrestricted communication concerning a matter in which the parties have an interest or duty, without inhibiting free communication in such instances by the fear that the communicator will be held liable in damages if the good faith communication later proves to be untrue or inaccurate.
339 So.2d at 1261. See also Carter v. Catfish Cabin, supra, and Clements v. Ryan, 382 So.2d 279 (La.App. 4th Cir.1980).
Mr. Warmack testified that as late as the date of trial he did not know whether the cash was actually taken or whether the discrepancy was simply an accounting error.
The record as a whole supports the applicability of the qualified privilege to the statement made in the sworn proof of claim filed with the fidelity company that Ms. Fisk "allegedly" misappropriated funds of Central. We find no manifest error in the trial judge's ruling that defendants had established the qualified privilege.
Because we find no error on the finding of no malice and of qualified privilege, we also find there is no basis to allow recovery.
For these reasons we affirm the judgment. Appellant is cast with all costs.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, Retired, appointed to hear appeals vice Judge John S. Covington, temporarily assigned to the Twenty-Fifth Judicial District Court.