liPLOTKIN, Judge.
The dispositive issue in this appeal is whether the two-year prescriptive period provided by LSA-R.S. 9:5624, relative to damages to private property by activities undertaken for public purposes may be applied to property owned by the City of New Orleans [hereinafter “City”], which property *1117 the City intends to renovate for public purposes, if that property had never been used for public purposes prior to the damage. For the reasons to follow, we hold that the City may invoke the two-year prescriptive period under the circumstances of this case. Accordingly, we reverse the trial court judgment granting a peremptory exception of prescription in favor of defendant T.L. James & Co., Inc. [hereinafter “T.L. James”].

Facts

On November 16, 1989, T.L. James contracted with the Sewerage and Water Board of New Orleans to perform street and drainage improvements to the Broad Street manifold and canal pursuant to State Project No. 576-86-02. On May |221, 1990, the City of New Orleans purchased the land and building located at 3915 Napoleon Avenue for renovation and use as the Broadmoor Branch Library. In November of 1990, T.L. James commenced construction at the Broad Street project. T.L. James’ construction work was concluded in December of 1992.
On March 4,1994, the City of New Orleans filed the instant tort action against T.L. James, seeking $120,000 damages for roof and structural damage to the Broadmoor Branch Library; the damages were allegedly caused by the vibration of driving sheet-piles during T.L. James’ construction work. T.L. James filed a peremptory exception of prescription based upon the plaintiffs failure to file suit within a year of the completion of the defendant’s construction activities. On August 31,1995, the trial court granted the T.L. James’s exception.
The City appeals, making the following assignments of error: (1) that the district court applied the wrong prescriptive period, (2) that the prescriptive period was interpreted by on-going negotiations between the parties, and (3) that contra non valentum should apply to suspend prescription. As we find merit in the City’s first argument, we preter-mit discussion of the other two issues raised by the parties.
Generally, the prescriptive period of actions for damages to property as a result of such construction activities as pile driving is one year from the date the continuing cause of the damages is abated and the property owner has reasonable cause to believe that his property has been damaged by the construction activity. Dean v. Hercules, Inc., 328 So.2d 69, 73 (La.1976); Wilson v. Hartzman, 373 So.2d 204, 206 (La.App. 4th Cir.), writ refused, 376 So.2d 961 (La.1979). The plaintiff asserts, however, that the following exception applies here:
13When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the'public works. La.R.S. 9:5624.
Because the parties do not dispute that the defendant’s construction work was for public purposes, the only remaining issue is whether the plaintiffs property is public or private.
The City argues that the property should be considered private, because it purchased the property from a private owner and because it had not yet opened the library to the public when the damage occurred. T.L. James, on the other hand, argues that because it is owned by a public entity for public purposes, the property is public.
The distinction between public and private property owned by the political subdivision is controlled by statutory and doctrinal authority from the law of property. Generally, public things are owned by the state or its political subdivisions in their capacity as public persons. La.C.C. art. 450. Property owned by a political subdivision of the state in its capacity as a private person, on the other hand, constitutes private property. La.C.C. art. 453. The distinction has been explained as follows:
In Louisiana, the division of things into common, public, and private rests on the idea that things may fall into three broad categories. They may be insusceptible of ownership, they may be insusceptible of private ownership, or they may be susceptible of private ownership. Thus, common things may not be owned by anyone and public things may not be owned by private persons. In contrast, private things are the only things susceptible of private ownership; they may be owned by private persons or by the state and its political *1118 subdivisions in their capacity as private persons.
A.N. Yiannopoulos, Civil Law Property 45 (3d ed. 1991).
| .{Yiannopoulos further describes private property owned by the State as follows:
The category of private things of the state and its political subdivisions includes things which, though serving a public purpose, are not subject to, or needed for, public use. Thus, money in the state treasury or in the treasury of a political subdivision, rentals accruing from leases of public property, revenues from public enterprise, and movables or immovables of a nature that private persons may own, are private things.
A.N. Yiannopoulos, Civil Law Property 61 (3d ed. 1991).
In the instant case, the immovable property in question not only could be, but indeed was, owned by a private person prior to the City’s acquisition. Hence, it was a private thing at the time the City bought it. At the time the damage to the property occurred, the property was owned by the City, but was neither subject to nor needed for public use, as the building required renovation before opening as a library. Accordingly, it fell in the category of private property at the time the damage occurred. Therefore, the two year prescriptive period established by LSA-R.S. 9:5624 for private property damaged for public purposes applies.
Prescription commenced to run when T.L. James completed the construction in December of 1992. The City filed suit in March of 1994, within two years of the date the work was completed. By filing suit, the plaintiff interrupted the two year prescriptive period. La.C.C. art. 3462. Accordingly, the cause of action is not prescribed.
For the reasons given, the judgment of the district court granting the exception of prescription in favor of T.L. James is reversed. The case is remanded for further proceedings consistent with this appeal.

REVERSED AND REMANDED.