liLEMMON, Justice.*
This is an action by the City of New Orleans to recover damages to the City’s building allegedly caused by defendant T.L. James & Company’s pile driving under a public works contract. The City had purchased the building for use as a public library and was in the process of renovating the building for that purpose at the time of the damage. The issue is whether the City’s claim is governed by the one-year prescriptive period generally applicable to delictual claims or by the two-year period of La.Rev. Stat. 9:5624, which applies when “private property” is damaged in a public works project.
| ¡Facts
On May 21, 1990, the City of New Orleans purchased a building, then being used by the seller as a private residence, for the purpose of renovating the building into a public library. The renovation of and additions to the building were eventually put out for public bids.
In the meantime, T.L. James began construction on a street and drainage improvement project in November 1990 under a contract with the Sewerage and Water Board of New Orleans. During the pile driving and other activities connected with the construction project, the building purchased by the City for use as a public library allegedly was damaged.
T.L. James completed the construction work in December 1992.
On March 4, 1994, the City filed the instant action, seeking to recover the damages *112 to the building that were allegedly caused by the construction project. T.L. James filed an exception of prescription, asserting that the City did not file the suit timely within a year* of the completion of the construction.
The trial court maintained the exception of prescription and dismissed the action. On the City’s appeal, the court of appeal reversed. 672 So.2d 1116. Noting that La. Rev.Stat. 9:5624 provides a two-year prescriptive period where “private property is damaged for public purposes,” the court held that the City’s property was “private property” to which the two-year period applies. The court concluded that the property had been owned by a private person and was a private thing when the City purchased it, reasoning that the property at the time of the occurrence of the damage, although owned by the City, was “neither subject to nor needed for public use, as the building required renovation before opening as a library,” and therefore fell into the category of private property at the time the damage occurred. Id. at 1118.
IsThis court granted certiorari because the interpretation of La.Rev.Stat. 9:5624, relating to the public or private nature of property subject to the longer prescriptive period, is a significant issue in the development of the law of prescription for which this court should provide guidance to the lower courts. 96-1112 (La.6/28/96); 675 So.2d 1096.

Interpretation of La. Rev.Stat. 9:5681

La.Rev.Stat. 9:5624 provides:
When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works, (emphasis added).
Section 5624 was apparently designed to provide a longer prescriptive period when a public works project causes property damage than the prescriptive period generally applicable in delictual actions. While this court has some concern that the Legislature may have used the term “private property” to emphasize the term “public purposes” that immediately follows, and may not have intended to establish different prescriptive periods for damage claims to private property as distinguished from public property, Section 5624 by its terms limits the applicability of the longer prescriptive period to damaged “private property.” The parties do not complain of unequal treatment in the statute, and indeed equal protection of laws is only afforded to persons and not to the government. La. Const. Art. I, § 3. Moreover, if the Legislature desires to treat public property the same as private property in relation to the longer prescriptive period, the Legislature may clarify its intention by amendment to Section 5624.

Private or Public Property

The key issue is whether the property in this particular case should be ^classified as public or private.
Things are divided into (1) common things — those which are not owned by anyone, such as the air and the high seas; (2) public things — those which are owned by the state or its political subdivisions, such as running waters, the waters and bottoms of navigable water bodies, the territorial sea, and the seashore, as well as streets and public squares; and (3) private things — those which are owned by individuals or other private persons, or by the state or its political subdivisions in their capacity as private persons. La. Civ. Code arts. 448, 449, 450 and 453. Professor A.N. Yiannopoulos has explained:
The division of things into common, public, and private rests on the idea that, according to law, common things may not be owned by anyone, public things may only be owned by the state and its political subdivisions in their capacity as public persons, and private things may be owned by private persons as well as by the state and its political subdivisions in their capacity as private persons. Thus, common things are not susceptible of ownership; public things are insusceptible of private ownership; and private things are susceptible of private ownership, (footnotes omitted)
A.N. Yiannopoulos, 2 Louisiana Civil Law Treatise — Property § 45 (3d ed. 1991).
Thus, when a political subdivision owns immovable property, the property may *113 be either public or private.[1] The distinction is the capacity in which the political subdivision owns the particular property. Immovable property owned by a political subdivision in its capacity as a public person is public property, while immovable property owned by a political subdivision in its capacity as a private person is private property.
Here, the City acquired the immovable property expressly for the purpose of public use as a public library. While the property was of a nature that private ^persons could own (and a private person did in fact own the property before selling it to the City), the City purchased the property in its capacity as a public person and destined the property for public use. After the purchase, the City advertised for bids to renovate the property for use as a public library. Indeed, ever since the purchase of the property, the City has intended to operate the property for a public purpose in the City’s capacity as a public person.
We conclude that the trial court correctly characterized the property as public property to which the two-year prescriptive period of La.Rev.Stat. 9:5624 was inapplicable.

Decree

The judgment of the court of appeal is reversed, and the judgment of the trial court maintaining the exception of prescription and dismissing the action is reinstated.
CALOGERO, C.J., concurs.
JOHNSON, J., dissents.

 Judge Graydon K. Kitchens, Jr., 26th Judicial District Court, and Judge Ian W. Claiborne, 18th Judicial District Court, have been assigned as Justices Ad Hoc in place of Justices Jack Crozier Watson and E. Joseph Bleich. Kimball, J., not on panel. Rule IV, Part II, § 3.

. Private things are divided into two classes: (1) those which belong to individuals or other private persons such as corporations, and (2) those which belong to the state or its political subdivisions in their capacity as private persons. The latter category includes movables and immov-ables of such a nature that private persons may own. Yiannopoulos, supra, § 61.