I,AMY, Judge.
Three plaintiffs filed suit against their former employer for damages resulting from several incidents which allegedly occurred during their employment with the defendant. The employer responded by filing peremptory exceptions of no right of action and no cause of action. After conducting a contradictory hearing, the trial court granted the exceptions and dismissed the suit. Shaney Espree, individually, appealed. We affirm.
Factual and Procedural Background
On January 4, 2000, Shaney Espree, Catherine Theriot, and Kristie Wedlock filed suit against their former employer, Tobacco Plus, Inc. The plaintiffs asserted claims for defamation of character, wrongful discharge of employment, racial discrimination, and property damage. At issue in the present appeal is Ms. Espree’s claim for defamation. In the petition, Ms. Espree alleged a supervisor for Tobacco Plus, Inc. had stated to Ms. Wedlock, the store manager at the Tobacco Plus location *391 where Ms. Espree worked, that all employees, including Ms. Espree, were suspected of stealing $10,000.00 in inventory and that all employees must submit to a polygraph test or be fired. Ms. Espree alleged the accusation by Tobacco Plus was a defamatory statement that has caused her severe emotional distress, has hindered her ability to gain other employment in that area, and has exposed her to ridicule and mistrust.
Tobacco Plus responded to the petition by filing peremptory exceptions of no right or cause of action, as well as dilatory exceptions of vagueness and prematurity. After conducting a hearing on the issues, the trial court granted the peremptory exceptions and dismissed the suit with prejudice as to all plaintiffs. From that judgment, only Ms. Espree appeals the dismissal of her claim for defamation.
| ¡¡Discussion of the Merits
In this matter, Tobacco Plus alleged that Ms. Espree’s “allegations which seek damages for defamation fail to state a cause of action which rises to the level of an intentional tort and therefore fall within the exclusive remedy provisions of the Louisiana Workers’ Compensation Act.” Although we find that a suit for defamation is not barred by the Act, since it is not a suit seeking damages for a physical injury or a mental injury caused by a physical injury arising out of a work-related accident as contemplated by the Act, we do not find the trial court was erroneous in granting the exception of no cause of action for the following reasons. See McGowan v. Warwick Corp., 96-851 (La. App. 4 Cir. 3/12/97); 691 So.2d 265; La. R.S. 23:1021 et seq.

No Cause of Action

The exception of no cause of action is used to test the legal sufficiency of the petition. Roger Boc L.L.C. v. Weigel, 99-570 (La.App. 3 Cir. 11/3/99); 744 So.2d 731. In order to properly test the sufficiency of the petition under an exception of no cause of action, the court must determine whether the law affords a remedy on the petition. Guilbeaux v. Times of Acadiana, 94-1270 (La.App. 3 Cir. 8/9/95); 661 So.2d 1027, writ denied, 95-2942 (La.3/29/96); 670 So.2d 1238.
In paragraph three of the petition at issue, Ms. Espree specifically alleges the following:
Later, on or about December 13th, 1999 Miss Espree was approached by Kristie Wedlock, then manager of said store [Tobacco Plus in Ville Platte], and was told that her supervisor, Sonny Le~ Blanc told her that all employees had to submit to a polygraph test or that they would be fired. Miss Espree was told that all employees were suspected of stealing $10,000.00 in inventory.
laMs.' Espree asserts that the accusation by Tobacco Plus, that she, along with other employees, had committed a crime, ie., had stolen $10,000.00 in inventory, constitutes defamation per se which creates a presumption of falsity and malice which the defendant must rebut. Thus, she argues, the petition sufficiently states a cause of action for defamation.
To maintain an action in defamation, the plaintiff must show: 1) defamatory words, 2) publication, 3) falsity, 4) malice, actual or implied, and 5) resulting injury. Cangelosi v. Schwegmann Brothers, 390 So.2d 196 (La.1980). After review of the petition and the law applicable to this case, we find that Ms. Espree has failed to allege sufficient facts to maintain an action for defamation.
Our jurisprudence holds that an employer has a right to investigate suspected wrongdoing of its employees without, for that reason, becoming liable for defamation when others become aware of the investigation. Clements v. Ryan, 382 So.2d 279 (La.App. 4 Cir.1980); Thibodeaux v. Southwest La. Hosp. Ass’n, 488 So.2d 743 (La.App. 3 Cir.1986); Toomer v. Breaux, 146 So.2d 723 (La.App. 3 Cir. 1962). See also Roberts v. Louisiana *392 Bank & Trust, 550 So.2d 809 (La.App. 2 Cir.), writ denied, 552 So.2d 398 (La. 1989); Fisk v. Warmack, 486 So.2d 203 (La.App. 1 Cir.1986). This is so because, when an employer has communications regarding the investigation of an employee’s wrongdoing with other persons having an interest in and a duty to receive such communications, those communications are considered conditionally privileged.[1] Clements, 382 So.2d 279; Toomer, 146 So.2d 723. | ¿Accordingly, there can be no finding of defamation because the privileged communication is not held to be a publication of defamatory words, a necessary element in a defamation cause of action. Id. Therefore, since Ms. Espree has failed to assert the necessary facts to demonstrate that there has been a publication of defamatory words, she has failed to sufficiently state a cause of action for defamation.
However, the law applicable to sustaining an exception of no cause of action mandates that when the grounds for the objection pled by peremptory exception can be cured by an amendment to the petition, the judgment sustaining the exception shall order the amendment. La. Code Civ.P. art. 934. Therefore, we remand this case to the trial court with instructions that the plaintiff, Shaney Es-pree, be given fifteen days to amend her petition and assert a cause of action for defamation, if possible. If Ms. Espree fails to comply with the order to amend, the trial court shall order this case dismissed with prejudice.
DECREE
For the foregoing reasons, the judgment of the trial court granting the exception of no cause of action against the plaintiff, Shaney Espree, is affirmed. This matter is remanded to the trial court with instructions to grant Ms. Espree fifteen days to amend her petition to assert, if possible, a cause of action for defamation. If she fails to comply with the trial court’s order, the trial court shall order this case dismissed with prejudice. All costs of this appeal are assessed to the plaintiff, Shaney Espree.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
WOODARD, J„ DISSENTS AND ASSIGNS WRITTEN REASONS.

. In Ward v. Sears, Roebuck & Co., 339 So.2d 1255, 1261 (La.App. 1 Cir.1976), the court explained:
This privilege arises from the social necessity of permitting full and unrestricted communication concerning a matter in which the parties have an interest or duty, without inhibiting free communication in such instances by the fear that the communicator will be held liable in damages if the good faith communication later proves to be untrue or inaccurate.