819 So.2d 413 (2002)
CITY OF NATCHITOCHES
v.
EMPLOYERS REINSURANCE CORP., et al.
No. 02-0147.
Court of Appeal of Louisiana, Third Circuit.
June 5, 2002.
*415 Ronald E. Corkern, Jr., Natchitoches, LA, for City of Natchitoches.
William Preston Crews, Jr., Watson, Murchison, etc., Natchitoches, LA, for Defendant in Reconvention/Appellee, City of Natchitoches.
Daniel T. Murchison, Natchitoches, LA, for Defendant in Reconvention/Appellee, City of Natchitoches.
Andrew Swithin Vallien, Natchitoches, LA, for City of Natchitoches.
Stanley R. Aaron, Jones, Aaron & Smith, Baton Rouge, LA, for Kenneth Aaron, Aaron Insurance Agency.
William Daniel Dyess, Many, LA, for Plaintiff/In Cross-Claim/Appellant, Charles Powell, Deborah Prudhomme Powell, Brook Powell.
Henry Cole Gahagan Jr., Gahagan & Gahagan, Natchitoches, LA, for Defendant/In Cross-Claim/Appellee, City Bank & Trust Co. of Natchitoches.
Kenneth D. McCoy Jr., McCoy, Roberts & Begnaud, Natchitoches, LA, for Defendant/In Cross-Claim/Appellee, Employers Reinsurance Corp., Traber Agency, Inc.
James Houston Morgan III, Seale, Smith & Phelps, Baton Rouge, LA, for: Employers Reinsurance Corp., Traber Agency, Inc.
Eugene R. Preaus, Preaus, Roddy & Krebs, New Orleans, LA, for Fidelity & Deposit Co. of Maryland.
James Ryan III, Sessions, Fishman, et al, New Orleans, LA, for Gulf Insurance Company.
James L. Pate, Laborde & Neuner, Lafayette, LA, for Robert E. Morrow.
Jeffrey Howerton Thomas, Natchitoches, LA, for Robert E. Morrow.
Robert Edwin Torian, LaBorde & Neuner, Lafayette, LA, for Robert E. Morrow.
Court composed of SYLVIA R. COOKS, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
The plaintiff-in-reconvention and cross claimant, Charles Powell, appeals the judgment of the trial court granting summary judgment in favor of the defendant-in-reconvention, City of Natchitoches, and defendants in cross-claim, City Bank and Trust Company of Natchitoches and Traber Agency, Inc. We affirm.

*416 FACTS
This matter stems from a suit filed by Natchitoches as a result of a scheme by Robert Morrow, an employee of Traber, whereby he over billed Natchitoches $766,011 during the period of 1989 through 1999. An investigative audit submitted by the Legislative Auditor for the State of Louisiana on May 31, 2000, revealed that Morrow over billed Natchitoches in the amount of $466,566 for insurance premiums and $118,750 under an administrative claims handling agreement never approved by it. Further investigation by Natchitoches revealed additional over billings in the amount of $180,695. According to the investigative audit, Morrow cashed the premium checks issued by Natchitoches in Traber's name and then divided the money between Traber, Kenneth Aaron of Aaron Insurance Agency, and himself. The audit further stated that Powell, Natchitoches' Chief Financial Officer, was responsible for approving Traber's billings and that he failed to review the insurance invoices and misrepresented the claims handling agreement. As a result of these acts, Natchitoches filed suit against Morrow, Traber, Aaron, individually and d/b/a Aaron Insurance Agency, Powell, and Employer's Reinsurance Corporation.
In its petition, Natchitoches alleged that Powell, as Finance Director, was responsible "for overseeing the purchase of liability insurance covering the CITY OF NATCHITOCHES and the payment of legitimate premium billings associated with the purchase of said insurance." It further alleged that, "prior to December, 1999, defendants, MORROW, AARON AND POWELL, did, through negligence and/or fraud, dishonesty, artifice and ill practices, induce petitioner to purchase insurance policies and then bill the CITY OF NATCHITOCHES for said policies at inflated prices."
After much procedural maneuvering, including cross-claims by City Bank and Traber against him, Powell, his wife, and their daughter filed peremptory exceptions and an answer to Natchitoches's suit, as well as answers to the cross-claims filed by Traber and Employers Reinsurance, Fidelity and Deposit Company of Maryland, and City Bank. As plaintiffs-in-reconvention, the Powells alleged that Natchitoches defamed, libeled, and falsely accused Powell of wrongdoing, which resulted in him being maliciously fired, sued, and arrested for a crime he did not commit. They further cross-claimed City Bank and Traber, alleging that the actions of City Bank, in allowing Morrow to cash the premium checks, and Traber, through the actions of Morrow, resulted in Powell's depiction as a criminal, damage to his reputation, and his inability to earn a living in the area. As a result of these actions, Powell sought damages for "extreme emotional distress, economic loses, humiliation, embarrassment, [and] attorney fees." Powell's wife and daughter sought damages for loss of consortium, service, and society.
In response to the Powells' claims, City Bank and Traber Agency filed motions for summary judgment on the cross-claim issues of defamation and malicious prosecution. Natchitoches also filed a motion for summary judgment and a peremptory exception of no cause of action on the reconventional demand alleging that Powell's sole remedy against it was workers' compensation benefits. Four days prior to the hearing on the motions and the exception, the Powells filed a first amending and supplemental cross-claim. Following a hearing on the motions and the exception, the trial court granted summary judgment in favor of Traber and City Bank. It further granted summary judgment in favor of Natchitoches, finding that Powell's remedy against it was limited to workers' compensation *417 benefits. In rendering judgment in favor of Natchitoches, the trial court denied the Powells' first amending and supplemental cross-claim. This appeal by Powell followed.

ISSUES
On appeal, Powell argues that the trial court erred in granting the summary judgment in favor of Natchitoches, City Bank, and Traber Agency.

SUMMARY JUDGMENT
Summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asked in determining whether summary judgment was appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits reveal no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
Although the burden of proof remains with the movant, he will not be required to "negate all essential elements of the adverse party's claim" if he will not bear the burden of proof at trial. La.Code Civ.P. art. 966(C)(2). Rather, he is only required to point out an "absence of factual support for one or more elements essential to the adverse party's claim." Id. "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." Id. Summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ.P. art. 966(A)(2).

MALICIOUS PROSECUTION
After reviewing Powell's original and first amending and supplemental cross-claims, we find that he has alleged torts sounding in defamation and malicious prosecution. However, as noted by the trial court, Powell's claim of malicious prosecution is premature. In order to prove malicious prosecution, a plaintiff must prove six elements, including that he, as defendant in the original criminal or civil proceeding for which he claims he was maliciously prosecuted, has proven the bona fide termination of the original proceeding in his favor. Wiley v. Wiley, 01-726, (La.App. 3 Cir. 11/7/01), 800 So.2d 1106, writ denied, 01-3232 (La.2/8/02), 809 So.2d 129.
In this instance, Powell has not proven the bona fide termination of the civil judicial proceeding instituted by Natchitoches, Traber, or City Bank, for which he claims malicious prosecution. Thus, this claim is premature. We will now address his defamation claims.

DEFAMATION
Defamation occurs through either libel or slander. Libel is defamation which is "expressed by print, writing, pictures, or signs," while slander is communicated by "oral expressions or transitory gestures." BLACK'S LAW DICTIONARY 1388 (6th ed.1990). In Fitzgerald v. Tucker, 98-2313, p. 10 (La.6/29/99), 737 So.2d 706, 715-16, the supreme court discussed the law pertaining to defamation:
A cause of action for defamation arises out of a violation of Civil Code article 2315. Vicknair v. Daily States Pub. Co., 153 La. 677, 96 So. 529 (1923); Ferdinand F. Stone, 12 Louisiana Civil *418 Law Treatise Tort Doctrine § 176(c), at 227 (1977). Defamation involves the invasion of a person's interest in his or her reputation and good name. Sassone v. Elder, 92-1856 (La.10/18/93), 626 So.2d 345, 350 (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 111 (5th ed.1984)). In order to prevail in a defamation action, a plaintiff must necessarily prove four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Trentecosta v. Beck, 96-2388 (La.10/21/97), 703 So.2d 552, 559 (citing Restatement (Second) of Torts § 558 (1977)); see Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196, 198 (La.1980) (considering falsity as a fifth and separate element). In other words, a plaintiff must prove "`that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.'" Trentecosta, 703 So.2d [at] 559 (quoting Sassone, 626 So.2d at 350.)
Furthermore, since Powell was a public official, he will only recover damages if he proves by clear and convincing evidence that the alleged defamatory statements uttered against him were made with actual malice. Davis v. Borskey, 94-2399 (La.9/5/95), 660 So.2d 17. Actual malice exists if the statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times Co. v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 725-26, 11 L.Ed.2d 686 (1964). Reckless disregard occurs when the defendant publishes the statement despite having a high awareness of the statement's probable falsity. Davis, 660 So.2d 17. We will discuss each defendant separately.

TRABER
In support of its motion for summary judgment, Traber introduced the affidavit of its president, Gregory D. Friedman, who stated that the actions Powell complained of in his answer and cross-claim were conducted by Morrow outside the course and scope of his employment. He further stated that the only statements made by Traber or anyone in its organization concerning Powell were those made in relation to its pleadings in this lawsuit. Finally, Friedman stated:
At no time did Traber, its officers, its board of directors or any members thereof, or its attorney's, agents or employees file any affidavits or complaints leading to or requesting the arrest of Powell on any criminal charges, make utter or issue any statement which could or did serve as a basis for the libel or slander of Powell, cause his defamation, destroy his reputation, or impair his ability to earn a living.
In addition to the investigative audit, Traber also introduced the affidavit of Van H. Kyzar, the District Attorney for Tenth Judicial District Court, who stated that he investigated the matter, during which he received the investigative audit from the Legislative Auditor and documents from City Bank pertaining to the investigation. He further stated that he filed two bills of information against Powell, which contains a total of thirty-nine counts of theft and one count of malfeasance in office, and that no one associated with either City Bank or Traber accused him of any criminal conduct during the investigation.
After reviewing the evidence submitted by Powell, we find that the trial court correctly granted summary judgment in favor of Traber since he failed to counter its evidence by setting forth with any reasonable specificity any defamatory statements *419 allegedly published by it. Based on his failure to counter Traber's evidence, the judgment of the trial court granting summary judgment in Traber's favor is affirmed. Powell's assignment of error, as it relates to Traber is dismissed as being without merit.

CITY BANK
In addition to the affidavit of Van Kyzar, the exhibits attached thereto, and the investigative audit, City Bank introduced the affidavit of Joseph Pierson, Jr., its president and chief executive officer. In his affidavit, Pierson states that no one associated with City Bank made any statement to a third party or communicated any publicity identifying Powell as being involved in the "Trabergate Proceedings." He claims that the only statements made by City Bank were those allegations set forth in its answer and cross-claims, and that those were reasonably believed to be true and were made without falsity or reckless disregard for the truth. Pierson further states that City Bank did not file any affidavits or complaints with any investigative agency or public officials which led to or requested Powell's arrest on any criminal charges.
The only evidence introduced by Powell in support of his allegation of defamation against City Bank was contained in his affidavit attached to his memorandum in opposition to the motion for summary judgment. Powell states:
15) Additionally, City Bank & Trust, through one of its employees, reported me as having cashed a check from Traber Agency to the Cane River Waterway Commission, which never occurred. I have never cashed a check whatsoever from Traber Agency that was made payable to the Cane River Waterway Commission despite an employee of City Bank & Trust alleging that I did so.
. . . .
18) It is my belief that because of the joint actions of City Bank & Trust for alleging that I cashed the check from Traber made payable to the Cane River Waterway Commission, that actions of Traber Insurance Agency in allowing its employee, Bob Morrow, to over bill the City of Natchitoches and the City of Natchitoches that I have been wrongfully accused have lost my job, have had to move out-of-state to earn a livelihood, all due to the fault, neglect, negligence, intentional, fraudulent and misrepresentations of the City of Natchitoches, Traber Agency and the City Bank & Trust.
After reviewing this evidence, we find that Powell has failed to carry the heavy burden of proving by clear and convincing evidence that the alleged remark by the City Bank employee was made with the "knowledge that it was false or with the reckless disregard of whether it was false or not." New York Times Co., 376 U.S. at 279-80, 84 S.Ct. at 725-26. Since Powell has failed to produce any evidence to corroborate his claim of defamation against City Bank, the judgment of the trial court granting summary judgment in its favor is affirmed.

NATCHITOCHES
Natchitoches' motion for summary judgment was based solely on its argument that Powell's remedy against it is limited to workers' compensation benefits. Although we find that Powell's suit is not barred by the Workers' Compensation Act, we affirm the trial court's grant of summary judgment since any statement made by Natchitoches in relation to its investigation of this matter was privileged.
First, we note that a suit seeking damages for defamation is not a "suit seeking damages for a physical injury or a *420 mental injury caused by a physical injury arising out of a work-related accident as contemplated by the [Workers' Compensation] Act." Espree v. Tobacco Plus, Inc., 00-929, p. 2 (La.App. 3 Cir. 11/16/00), 772 So.2d 389, 391. Thus, Powell is not solely limited to the recovery of workers' compensation benefits from Natchitoches.
We further affirm the trial court's grant of summary judgment in favor of Natchitoches. In his affidavit, Powell alleges that:
(19) At the time this alleged incident occurred, John Winston was on the City Council for the city of Natchitoches and as a City Councilman in an open meeting, John Winston made a defamatory and slanderous statement about Charles Powell by telling Mayor Sampite by alleging that Charles Powell was stealing funds and should be fired.
However, we find that this statement was conditionally qualified, thus, it cannot be used as the basis for a defamation action by Powell against Natchitoches. Any statements made by an elected official of Natchitoches in relation to its investigation of Powell would be conditionally privileged since "[a]n employer's communication regarding a subject in which it has an interest or a duty is not considered published when made in good faith." Heflin v. Sabine Ass'n of Retarded Citizens, 96-782, p. 5 (La.App. 3 Cir. 12/26/96), 685 So.2d 665, 667. Furthermore, an employer has a right to investigate the suspected wrongdoings of its employees without becoming liable for defamation, even if others become aware of its investigation. Espree, 772 So.2d 389. Thus, any statement made by a councilman, as would a statement made by an employer, in relation to the investigation of this matter would be privileged, even if the investigation became public knowledge. Accordingly, the trial court's judgment in favor of Natchitoches is affirmed.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the plaintiff-in-cross-claim-appellant, Charles Powell.
AFFIRMED.
COOKS, J., dissents in part, finding Powell's claims against City Bank and Traber are viable and summary judgment should not have been granted.