# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 05-1434


**CONNIE HUNT**

**VERSUS**

**TOWN OF NEW LLANO, LA, ET AL.**


********** 

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72,248-C
HONORABLE LESTER P. KEES, DISTRICT JUDGE

********** 

**BILLY HOWARD EZELL**
**JUDGE**

********** 

Court composed of Michael G. Sullivan, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Daniel Elmo Broussard, Jr.**
**Broussard, Bolton, Halcomb and Vizzier**
**P. O. Box 1311**
**Alexandria, LA 71309-1311**
**(318) 487-4589**
**Counsel for Plaintiff /Appellant:**
**Connie Hunt**

**Randall Brian Keiser**
**Keiser Law Firm, P.L.C.**
**P.O. Box 12358**
**Alexandria, LA 71315-2358**
**(318) 443-6168**
**Counsel for Defendants/Appellees:**
**Town of New Llano, LA**
**Freddie Boswell**

**EZELL, JUDGE.**

Connie Hunt appeals the decision of the trial court granting a special motion to strike in favor of the Town of New Llano and its mayor, Freddie Boswell (hereinafter collectively referred to as the Town). For the following reasons, we affirm the decision of the trial court.

Ms. Hunt worked for the Town as a clerk of court until she quit her job on March 1, 2001. She sought unemployment benefits, which were denied. An administrative law judge reversed that determination, awarding her benefits. That determination was upheld by the Board of Review. In September of 2001, the Town filed a petition for review with the trial court, alleging that the decision of the Board was erroneous and "obtained through fraudulent conduct, deceit, misrepresentation, and ill conduct." The petition was ultimately dismissed as untimely. Ms. Hunt then filed this present suit, alleging defamation against the Town for the statements made in its petition for review. The Town then filed a special motion to strike in accordance with La.Code Civ.P. art. 971. The trial court granted the motion, dismissing Ms. Hunt's claims at her own cost. From this decision, Ms. Hunt appeals.

Ms. Hunt asserts four assignments of error on appeal. However, the first three address her claims that the trial court erred in granting the Town's motion, as she claims the Town does not meet the definition of a "person" under La.Code Civ.P. art. 971. As such, we will address these assignments of error as one. She also claims that the trial court erred in finding that she failed to establish a probability that she would prevail on her claim.

The special motion to strike is governed by La.Code Civ.P. art. 971, (emphasis added) which provided in pertinent part at the time of filing:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the

court determines that the plaintiff has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability of success on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the proceeding, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination.

. . . .

F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

(a) *Any written or oral statement or writing made before a legislative, executive, or judicial proceeding*, or any other official proceeding authorized by law.

(b) *Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body*, or any other official body authorized by law.

(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

In order to succeed under Article 971, the movant must make a prima facie showing that the matter arises from an act in furtherance of his or her right of free speech or the right of petition and in relation to a public issue. In order to defeat the motion to strike, the plaintiff is then required to demonstrate a probability of success on his or her own claim. *Thomas v. City of Monroe Louisiana*, 36,526 (La.App. 2 Cir. 12/18/02), 833 So.2d 1282.

2

Ms. Hunt first claims that the Town is not a "person" within the contemplation of Article 971, and therefore cannot file this special motion. This argument is without merit. Louisiana Civil Code Article 24 defines a juridical person as "an entity to which the law attributes personality, such as a corporation or a partnership." Comment (c) (emphasis added) to the article states:

> According to civilian doctrine, juridical persons are classified either as private persons or public persons. A public person is governed by rules of public law; a private person is governed by rules of private law. *The state and its political subdivisions have dual personality. At times they act as public persons in a sovereign capacity and at times as private persons in the capacity of a citizen or a private corporation.*

Thus, the Town is a juridical person, not a natural person. *City of Baton Rouge v. Bernard*, 01-2468 (La.App. 1 Cir. 1/22/03), 840 So.2d 4, *writ denied*, 03-1055 (La. 6/27/03), 847 So.2d 1278. Furthermore, Louisiana Code of Civil Procedure Article 5251(12) (emphasis added), defines a "person" to include "an individual, partnership, unincorporated association of individuals, joint stock company, *corporation*, or limited liability company." As a municipal corporation, the Town qualifies as "a person" under this statute as well.

Additionally, our broad construction to include juridical persons is bolstered by the statute's prior history and purpose. Article 971 was added by Acts 1999, No. 734, § 1. Section 2 of the Act (emphasis supplied) provides:

> The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. *To this end, it is the intention of the legislature that the Article enacted pursuant to this Act shall be construed broadly.*

Finally, in *City Council of the City of Lafayette v. Bowen*, 94-584, p.6 (La.App. 3 Cir. 11/2/94), 649 So.2d 611, 614, *writ denied*, 94-2940 (La. 1/27/95), 650 So.2d

3

244, this court stated that an entity must qualify as a juridical person before it will be empowered to independently institute litigation. The same holds true for an entity being sued. Ms. Hunt is basically taking the position that a municipality is not a "person" as defined throughout the Code of Civil Procedure, meaning that a municipality could never file any suit, nor could it ever be sued. This is utterly ridiculous, as municipalities are clearly allowed to be parties to litigation. "[P]olitical or public corporations . . . are sued in their own name and have the ability to sue and be sued. . . ." *Anne Lind & Assoc. v. Orleans Private Indus. Council*, 95-462, p.7 (La.App. 4 Cir. 3/14/96), 673 So.2d 227,232, *writ denied*, 96-1706 (La. 10/25/96), 681 So.2d 365. *See also Lafayette City-Parish Consol. Gov't v. Chauvin*, 04-82 (La.App. 3 Cir. 6/9/04), 875 So.2d 1023; *City of New Orleans v. T.L. James & Co.*, 96-1112 (La. 1/14/97), 685 So.2d 111. Simply put, municipalities are encompassed within the term "person" as contemplated by La.Civ. Code art. 24 and La.Code Civ.P. art. 5251(12). *See City of Baton Rouge, supra.* To hold otherwise would result in absurd consequences.[1] There is no error in the trial court's determination that the Town had the ability to file this motion.

Having determined that the Town could file this motion, we now must decide if the Town made a prima facie showing that the matter arose from an act in furtherance of its right of petition and in relation to a public issue. The statements Ms. Hunt claims were defamatory were made before a judicial proceeding and made in connection with an issue under consideration or review by a judicial body. As such, the matter clearly was an act in furtherance of the Town's right of petition under the United States or Louisiana Constitution in connection with a public issue, as noted by La.Code Civ.P. art. 971(F). There is no manifest error in the decision of the

---

[1]To hold otherwise would eliminate Mrs. Hunt's very right to file this defamation claim against the Town.

trial court that the matter was a public issue, subject to the special motion.

In her final assignment of error, Ms. Hunt claims that the trial court erred in finding that she did not demonstrate a probability that she would prevail on her claim. We disagree.

In order to overcome the special motion to strike, Ms. Hunt must establish a probability of success on her claim. This showing is based on the elements of the alleged tort claim. *Lee v. Pennington*, 02-381 (La.App. 4 Cir.10/16/02), 830 So.2d 1037, *writ denied*, 02-2790 (La. 1/24/03), 836 So.2d 52. Ms. Hunt has alleged the tort of defamation. Defamation involves the invasion of a person's interest in his reputation and good name. *Fitzgerald v. Tucker*, 98-2313 (La. 6/29/99), 737 So.2d 706. The Louisiana Supreme Court has explained that in order for a plaintiff to prevail on a defamation claim, he or she must prove: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta v. Beck*, 96-2388, p. 10 (La. 10/21/97), 703 So.2d 552, 559.

In opposition to the Town's motion, Ms. Hunt filed her own affidavit. In this affidavit, Ms. Hunt merely alleges that the Town's suit against her contained statements which were "false and not true." This is the only evidence in the record to support her claim. We do not find that these uncorroborated conclusions suffice to meet the burden of establishing a probability of success on her defamation claim. Accordingly, we find no manifest error in the determination of the trial court.

The judgment of the trial court granting the Town's special motion to strike pursuant to La.Code Civ.P. art. 971 is affirmed. Costs of this appeal are assessed against Connie Hunt.

**AFFIRMED.**

5