CHARLES R. JONES, Chief Judge.
| jThis matter is on remand from the Louisiana Supreme Court for briefing, argument and an opinion on the issue of whether the district court erred in denying the special motion to strike of the Relator, the New Orleans Ernest N. Morial Convention Center (“the Convention Center”). Finding that the district court did not err in denying the special motion to strike of the Convention Center, we affirm our previous denial of the writ application of the Convention Center.
Mr. Williams frequently worked at the Convention Center as a carpenter and in various other capacities with multiple companies or employers. While employed by Freeman Decorators as a carpenter, Mr. Williams was involved in an altercation with his supervisor Louis R. Duplantier, who was also employed by Freeman Decorators. Mr. Williams was subsequently fired by Freeman Decorators.
After the altercation, the Public Safety Director for the Convention Center, Joseph Hebert, conducted an investigation of the altercation by discussing the matter with Mr. Hebert’s own subordinate officers, the Safety Director of Freeman Decorators, and the Convention Center’s General Manager and Vice-President of Operations. The Convention Center maintains that Mr. Williams has a history of | ahaving multiple employment-related scuffles in the Convention Center.[1] As a result of his investigation, Mr. Hebert recommended that Mr. Williams be denied further entry into the Convention Center, and that a “blow-up” size picture of Mr. Williams be posted at various security checkpoints in the Convention Center so that security would ensure that Mr. Williams was denied entry. This recommendation was implemented by the Convention Center.
In 2011, Mr. Williams sued the Convention Center alleging defamation and discrimination. The Convention Center filed an exception of no cause of action as to the discrimination claim, and a special motion to strike supported by an affidavit of Mr. Hebert as to the defamation claim. At the hearing of the exception and the motion to *575 strike, the district court granted the exception of no cause of action. However, while considering the merits of the motion to strike, the district court elicited un-sworn testimony from Mr. Williams, who alleged that Mr. Duplantier attacked him at the Convention Center. Mr. Williams further argued that he pressed charges against Mr. Duplantier for assault and battery with the New Orleans Police Department, which he alleges is investigating the matter and has prepared a police report in connection therewith. He further argued that he works with 30 or 40 other companies in various capacities for events occurring at the Convention Center; therefore, being banned from the Convention Center has materially affected his ability to support himself. Mr. Williams argued that while he has been banned from the Convention Center, his alleged assailant is still granted access to the Convention Center. Thereupon, the district court granted the exception of no cause of action, but denied the special motion to strike.
|,sin October 2011, we denied the emergency writ application of the Convention Center, which sought review of the denial of its special motion to strike. Thereafter, the Convention Center filed a supervisory writ application with the Louisiana Supreme Court, which granted the writ application and remanded this matter to our court.
The Convention Center raises five (5) assignments of error:
1. The lower court erred as a matter of law in regarding La. C.C.P. Art. 971 as protecting only private citizens;
2. The district court erred as a matter of law in regarding the enforcement of internal security at the Convention Center as a private matter and not a public issue of public interest;
3. The district court erred as a matter of law in regarding the mere posting of Petitioner/Respondent’s photo and name — without any “defamatory statement” — as giving rise to a claim of defamation;
4. The district court erred as a matter of procedural law in basing its denial of the Convention Center’s article 971 motion to strike on whether a cause of action had been stated, or a question of fact raised, rather than on whether Mr. Williams “established a probability of success on the claim”; and
5. The district court erred as a matter of procedural law by disregarding the sworn affidavit testimony of the Mr. Hebert and by allowing Mr. Williams to testify, unsworn and uncross-examined, and thus to amplify his claim beyond his pleading.
“Appellate courts review special motions to strike with the de novo standard of review because it involves issues of law and examines whether the trial court was legally correct”. Melius v. Keiffer, 07-0189, p. 2 (La.App. 4 Cir. 3/12/08), 980 So.2d 167, 170, writ not considered, 08-1039 (La.8/29/08), 989 So.2d 90.
We will discuss the first and third assignments of error prior to addressing the remaining assignments of error jointly.
|4The first assignment of error raised by the Convention Center is that the district court erred as a matter of law in determining that La. C.C.P. art. 971 protects only private citizens. La. C.C.P. art. 971, entitled Special motion to strike, provides in pertinent part:
A. (1) A cause of action against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless *576 the court determines that the plaintiff has established a probability of success on the claim.
(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.
[[Image here]]
F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:
(1) “Act in furtherance of a person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue” includes but is not limited to:
[[Image here]]
(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.
Based upon our review of the instant writ application, the district court never held that art. 971 was inapplicable because the Convention Center could not be | .^considered a “person”. The district court held that “the conditional privilege afforded defendant [the Convention Center] pursuant to C.C.P. art. 971 is inapplicable to the facts of this case”. [Emphasis added]. Thus, if the privilege is afforded to the Convention Center, the district court was not holding that the Convention Center was not a “person” under art. 971, but quite the contrary.
Furthermore, we recognize that the Convention Center is a juridical person pursuant to La. C.C. art. 24, which provides that a juridical person is “an entity to which the law attributes personality, such as a corporation or a partnership”. As the Third Circuit explained in Hunt v. Town of New Llano, 05-1434, p. 3 (La.App. 3 Cir. 5/3/06), 930 So.2d 251, 254, writ denied, 06-1852 (La.10/27/06), 939 So.2d 1283 (citing La. C.C. art. 24 Comment (c)):
[according to civilian doctrine, juridical persons are classified either as private persons or public persons. A public person is governed by rules of public law; a private person is governed by rules of private law. The state and its political subdivisions have dual personality. At times they act as public persons in a sovereign capacity and at times as private persons in the capacity of a citizen or a private corporation.
The Convention Center, as a political subdivision of the State, is a person recognized under La. C.C.P. art. 971. Thus, this assignment of error is without merit.
The third assignment of error of the Convention Center is that the district court erred as a matter of law in regarding the mere posting of the photo and name of Mr. Williams — without any “defamatory statement” — as giving rise to a claim of defamation.
The burden of proof for a defamation claim is as follows:
“To prevail on a claim of defamation, plaintiff has the burden of proving by a preponderance of the evidence |6five essential elements: defamatory words, publication, falsity, malice and resulting injury. If even one of these elements is absent, the cause of action fails.” Sommer v. State, Dept. of Transp. and Development, 97-1929, p. 25 (La.App. 4 Cir. 3/29/00), 758 So.2d 923, 939, writ denied, 2000-1759, (La.10/27/00), 772 So.2d 122.
*577 Lee v. Pennington, 02-0381, p. 10 (La.App. 4 Cir. 10/16/02), 880 So.2d 1037, 1044-45, writ denied, 02-2790 (La.1/24/03), 836 So.2d 52. “Defamation occurs through either libel or slander. Libel is defamation which is “expressed by print, writing, pictures, or signs,” while slander is communicated by “oral expressions or transitory gestures.” ” City of Natchitoches v. Employers Reinsurance Corp., 02-0147 (La.App. 3 Cir. 6/5/02), 819 So.2d 413, 417 (citing Black’s Law Dictionary 1388 (6th ed.1990)). [Emphasis added]. Defamation involves the invasion of a person’s interest in his or her reputation and good name. Sassone v. Elder, 92-1856 (La.10/18/93), 626 So.2d 345, 350 (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 111 (5th ed.1984)).
Our Supreme Court has recognized that there is a valid cause of action for defamation by implication or innuendo regarding the posting of photographs. It has held:
[P]hotographs and similar visual communications rarely themselves make an express assertion beyond the fact that what is portrayed is real. Thus, defamation by picture is usually established through implication, given the context in which the photograph appears.
Fitzgerald v. Tucker, 98-2313, p. 16 n. 11 (La.6/29/99), 737 So.2d 706, 720 (citing Robert D. Sack & Sandra S. Baron, Libel, Slander & Related Problems § 2.4.9 (2d ed. 1994 & Supp.1998)). [Emphasis added]. We recognize that under specific factual circumstances a valid cause of action for defamation by implication or innuendo can exist where a photograph has been posted without any | .¡written words. We find that the matter sub judice may be such an instance; therefore, this assignment of error is without merit.
Lastly, we will examine in conjunction the three (3) remaining assignments of error raised by the Convention Center which involve issues related to whether the Convention Center carried its burden of proof on the motion to strike. These issues are:
• Whether the district court erred as a matter of law in regarding the enforcement of internal security at the Convention Center as a private matter and not a public issue of public interest;
• Whether the district court erred as a matter of procedural law in basing its denial of the Convention Center’s article 971 motion to strike on whether a cause of action had been stated, or a question of fact raised, rather than on whether Mr. Williams “established a probability of success on the claim”; and
• Whether the district court erred as a matter of procedural law by disregarding the sworn affidavit testimony of Mr. Hebert and by allowing Mr. Williams to testify, unsworn and uncross-examined, and thus to amplify his claim beyond his pleading.
The Convention Center argues that the district court erred as a matter of law by regarding the enforcement of internal security at the Convention Center as a private matter and not a public issue of public interest. Indeed, the Convention Center invoked the special motion to strike pursuant to art. 971(F)(1) on the basis that Mr. Hebert was exercising his constitutional right of free speech in connection with a public issue or an issue of public interest; that issue being security.
The Convention Center argues that Mr. Hebert made a good faith determination that the alleged repeated disruptive behavior of Mr. Williams warranted his exclusion from the premises for the public good, and Mr. Hebert | ^enforced that determina *578 tion by having Mr. Williams’ picture posted at security checkpoints.
In order to succeed on a special motion to strike, the movant must make a prima facie showing that the matter arises from an act in furtherance of his or her right of free speech or the right of petition and in relation to a public issue. Hunt v. Town of Llano, 05-1434, p. 2 (La.App. 3 Cir. 5/3/06), 930 So.2d 251, 254. In order to defeat the motion to strike, the plaintiff is then required to demonstrate a probability of success on his or her own claim. Id.
The district court in this matter found that it was dubious that security was the public issue involved because, if that was so, Mr. Duplantier would have also been banned from the building as he too was a participant in the scuffle. Furthermore, even if there was a security issue as to Mr. Williams, the district court questioned the appropriateness of posting the photo so that other people could draw adverse impressions of Mr. Williams and deprive him of a potential livelihood.
The Convention Center relies heavily upon the affidavit of Mr. Hebert to establish that this was a security issue, which leads us to the argument of the Convention Center that the district court disregarded the sworn affidavit testimony of Mr. Hebert. In his affidavit, Mr. Hebert indicates that he did not have first-hand knowledge of the alleged prior scuffles in which Mr. Williams was involved, nor did he have first-hand knowledge of the altercation between Mr. Williams and Mr. Du-plantier. This is evidenced by paragraphs 6 through 8 of his affidavit wherein he attested as follows:
6.Phil Williams and his behavior had been brought to my attention on one or more occasions prior to the “incident” at issue. Those instances involved multiple fracases 19between Plaintiff, his supervisor and other co-workers when he was employed by, and fired by, exhibition contractors GES and Freeman Decorating previously.
7. In connection with the “incident” referenced by the Plaintiff in his Petition, my involvement began when I was notified by my subordinate officers and by Nick Manson, Safety Director of Freeman Decorating Company, that yet another scuffle had occurred, this time with Plaintiff getting physical with his supervisor.
8. After being presented with the narratives of the officers and Mr. Manson’s description of Plaintiffs physical confrontation with a Freeman supervisor, and after considering what was in the best interests of the Convention Center, and the economic and public safety risks associated with Plaintiffs continued access to the premises, I conferred with MCC General Manager Bob Johnson and Bryan Hayden, Vice-President of Operations.
We further note that no incident reports prepared by the Convention Center documenting the prior altercations of Mr. Williams were submitted to the district court.
An affidavit must be based on personal knowledge, must set forth only facts admissible in evidence, and must show that the affiant is competent to testify to the matters contained therein. Ferguson v. Joiner, 95-924, p. 7 (La.App. 3 Cir. 12/13/95), 667 So.2d 1133, 1137; King’s Joint Venture v. Marino, 02-0847, p. 5 (La.App. 4 Cir. 9/25/02), 827 So.2d 521, 524, writ denied, 02-2761 (La.1/24/03), 836 So.2d 48; Reuther v. Smith, 05-0794 (La.App. 4 Cir. 2/15/06), 926 So.2d 9, 13-14.
We find that the affidavit of Mr. Hebert fails to meet these fundamental standards because he is not attesting to information based on his personal knowledge, but in *579 stead attests to information relayed to him by others. Thus, in being presented with a deficient affidavit, the district court had a basis for holding that the Convention Center did not make a prima facie showing 1 mthat this matter arises from an act in furtherance of his or her right of free speech or the right of petition and in relation to a public issue. The failure of the Convention Center to make a prima facie showing obviated the need for Mr. Williams to demonstrate a probability of success on his claim because the burden did not shift to him when the Convention Center failed to carry its burden of proof on the special motion to strike.
Lastly, we further find that the district court did err in eliciting testimony and/or explanations from Mr. Williams throughout the hearing. Mr. Williams, in consideration of his pro se status, should have been afforded the opportunity to brief his argument and to provide supporting documentation of his position to the court. This was an error on the part of the district court in conducting the hearing on the special motion to strike; however, this error does not change the fact that the Convention Center did not carry its burden of proof on the special motion to strike.
DECREE
For the foregoing reasons, we affirm our previous denial of the writ application of the Ernest N. Morial Convention Center.
WRIT DENIAL AFFIRMED

. The instant writ application contains no proof of Mr. Williams being involved in prior altercations in the Convention Center.