EDWIN A. LOMBARD, Judge.
| Reserving his right to appeal the trial court’s denial of his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1972), the defendant/appellant, Ronald Lewis, pleaded guilty to possession of hy-drocodone, a violation of La.Rev.Stat. 40:968. After review of the record in light of the applicable law and arguments of the *790 parties, we affirm the defendant’s conviction and sentence.

Relevant Facts and Procedural History

In response to several complaints of drug activity, Agent Brandon Liccardi of the St. Bernard Parish Sheriffs Office went to 2209 Guerra Drive on August 22, 2007. As he drove towards the residence, he observed a person standing next to a SUV apparently talking to the occupants of the SUV. The SUV started to drive away but Agent Liccardi pulled his vehicle in front of it to stop it. Agent Liccardi then walked to the driver’s side of the stopped SUV and observed a bag of marijuana on the driver’s lap. Accordingly, he seized the marijuana and arrested both occupants of the SUV.
As other officers arrived to assist with the arrest of the SUV occupants, Agent Liccardi turned his attention to the defendant and two other men standing on the steps of the trailer. Telling the three men to stay on the steps, he walked overj^to them and told them of the drug trafficking tips related to that address. The defendant immediately identified himself as the owner of the trailer, denied selling any drugs from the trailer and invited the agent inside to discuss the matter.
As the agent followed the defendant into the trailer, he observed a handrolled marijuana cigarette burning in an ashtray. The agent placed the defendant under arrest and then observed two small bags of marijuana on the seat of a chair next to the table and several crack pipes on or near the table. Agent Liccardi then walked through the trailer to secure it and observed three tablets of hydrocodone and one tablet of xanax on the nightstand in the bedroom. At that point, Agent Liccardi placed the other two men under arrest and advised all three men of their rights. The defendant stated that the crack pipes belonged to Adrian, one of the other two men arrested at the trailer.
On September 7, 2007, the State filed a bill of information charging the defendant/appellant with possession of the hy-drocodone. On October 1, 2007, the defendant pleaded not guilty and filed motions for a preliminary hearing and to suppress the evidence. Based on Agent Liccardi’s testimony at the hearings, the trial court found probable cause and denied the motion to suppress the evidence. On December 11, 2007, the defendant entered a Crosby plea, preserving his right to appeal the trial court’s denial of the motion to suppress evidence. The defendant was sentenced to serve three years in the custody of the Department of Corrections and the court suspended imposition of the sentence and placed the defendant on one year of active probation.

Assignment of Error No. 1

The defendant contends that the evidence should have been suppressed because the SUV was stopped without reasonable suspicion or probable cause and Istherefore he was adversely affected by the unconstitutional search and seizure of evidence from the SUV. In effect, the defendant argues that he was detained and investigated as a result of the illegal stop of the SUV.[1]
The Fourth Amendment to the United States Constitution protects “[the] right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures.” U.S. Const, amend. IV. In addition to confer *791 ring similar protections to the Fourth Amendment, Article 1, § 5 of the Louisiana Constitution[2] expands the scope of protection, affording Louisiana citizens standing to contest the illegality of a search or seizure to “any person adversely affected.”[3] See State v. Gant, 93-2895 (La.5/20/94), 637 So.2d 396; State v. Byrd, 568 So.2d 554 (La.1990).
The defendant was not charged with possessing or distributing the marijuana found in the SUV and, accordingly, because it is not clear that the discovery of marijuana in the SUV ultimately led to the discovery of the drugs in the trailer, his argument is problematic. Absent a showing that he was adversely affected by the stop and subsequent seizure of the marijuana in the SUV,[4] the defendant cannot claim that he was adversely affected by an alleged illegal search and seizure of the SUV. In this case, Agent Liccardi went to the Guerra Drive address based on a tip | ¿received on a citizen hotline, approached the defendant regarding this information and, before asking any questions, was invited by the defendant into the trailer where the contraband was in plain view. Under these circumstances, we find no merit in the appellant’s argument.

Assignment of Error No. 2

Next, the defendant argues that the evidence should have been- suppressed because the agent failed to issue Miranda warnings- before speaking to him on the steps of his trailer. In Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the U.S. Supreme Court, held that the Fifth Amendment privilege against self-incrimination prohibits admitting statements given by a suspect during “custodial interrogation” without a prior warning. Custodial interrogation means “questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of freedom in any significant way.” Id., 384 U.S. at 444, 86 S.Ct. 1602.
In this case, the defendant contends that because he and his companions had been instructed to stay put during the arrest of the SUV occupants, he was in' custody when the agent approached and, therefore, the court must interpret his invitation to the agent to come into his trailer to discuss the matter as an illegal search resulting in suppression of the evidence found ill plain view in the trailer. Even accepting ar-guendo that the defendant was in custody[5] , see State v. Manning, 2003-1982 (La.10/19/04), 885 So.2d 1044 (custody re *792 quires two distinct inquiries: an objective assessment of the circumstances surrounding the interrogation to determine whether there was a formal arrest or restraint on freedom of the degree associated with formal arrest and an evaluation of how a reasonable person in the Imposition of the interviewee would gauge the breadth of his freedom of action), an interrogation generally requires that a question be asked. In this case, the evidence indicates that the agent apprised the defendant of the fact that a hotline tip had been received and, before the agent had a chance to ask a question, the defendant on his own initiative and without provocation invited him into the trailer. The purpose of the exclusionary rule is to deter police misconduct, United States v. Leon, 701 F.2d 187 (1983)[6], and in these circumstances it is difficult to discern police misconduct. Accordingly, we find no error in the denial of the defendant’s motion to suppress.[7]

Assignment of Error No. 3

Finally, the defendant assigns as error the State’s failure to establish that he freely and voluntarily consented to the search.[8] The defendant contends that he was never offered a written consent to search form or advised that he could refuse to allow his trailer to be searched and that his purported consent to the search of his trailer was simply a submission to police authority.
However, as previously noted, the testimony clearly establishes that the defendant invited the agent into the trailer to discuss the complaints regarding drug activity. When the agent entered the trailer he immediately observed a burning marijuana cigarette in an ashtray on the table in plain view. See Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067, (1968), (“It has long been settled that |fiobjects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence.”). Accordingly, because the agent observed the contraband in plain view upon entering the trailer at the express invitation of the defendant, there was neither opportunity nor need to request a consent to a search or present the defendant with a written consent to search form. Accordingly, this assignment of error lacks merit.

*793
Conclusion

The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. In denying defendant's motion to suppress, the trial court specifically stated that it was not taking the stop of the SUV into consideration.

. Article 1, § 5 of the Louisiana Constitution provides:
Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.

. In contrast, the capacity to claim the protection of the Fourth Amendment depends upon whether the person who claims the protection has a legitimate expectation of privacy in the invaded place. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Edwards, 2000-1246 (La.6/1/01), 787 So.2d 981.

. Agent Liccardi could not say which of- the three subjects had approached the SUV, nor did he observe a transaction.

. We concede that a reasonable man standing on his steps during the arrest of persons in a vehicle in front of his house who was ordered by a police officer to stay where he was might not think that he had the freedom to ignore the order and thus, might be considered "in custody” for Miranda purposes.

. See also Michigan v. Tucker, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974) (The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the veiy least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the right of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force.”)

. We do note that the determination of whether a consent to search is voluntary is analyzed under the totality of the circumstances standard, see Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Edwards, 434 So.2d 395 (La.1983), et at, and in this case the trial judge specifically stated that he was not considering anything that occurred before Agent Liccardi approached the defendant on the steps of the trailer. Because our review of the record indicates that there was no search and thus no issue as to the voluntariness of a consent to search, we pretermit any determination as to whether the trial court committed legal error in considering only the immediate circumstances.

.See State v. Irby, 93-2265, p. 5 (La.App. 4 Cir. 1/13/94), 632 So.2d 798, 800 ("In order to rely upon the consent exception to the warrant requirement, the State must prove that the consent was freely and voluntarily given.”)