# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-0415


**RAYMOND SAVOIE**

**VERSUS**

**DON PAGE**


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20074309
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.


**AFFIRMED IN PART, REVERSED IN PART, RENDERED IN PART, AND REMANDED.**

**Peter F. Caviness**
**Attorney at Law**
**P. O. Box 1450**
**Opelousas, LA 70571**
**(337) 942-5811**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Raymond Savoie**

**D. Reardon Stanford**
**Hoyt & Stanford, L.L.C.**
**315 S. College Road, Ste. 165**
**Lafayette, LA 70503**
**(337) 234-1012**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Don Page**

PETERS, J.

The plaintiff, Raymond Savoie, appeals the trial court's grant of summary judgment in favor of the defendant, Don Page, dismissing his defamation suit against Mr. Page. In his answer to the appeal, Mr. Page seeks an award of statutory attorney fees. For the following reasons, we affirm in part, reverse in part, render in part, and remand to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

This dispute arises over the operation of the Shady Pines Hunting Club, Inc. (Hunting Club). The record establishes that both Mr. Savoie and Mr. Page have been members of the Hunting Club for some twenty to thirty years, but that some time in early 2007, they had a disagreement over how the Hunting Club should be run. This disagreement became so personal that Mr. Savoie filed suit against Mr. Page on August 13, 2007, wherein he asserted that Mr. Page had "made false and defamatory statements concerning [Mr. Savoie] to others."

The issue now before us arises from Mr. Page's June 9, 2008 special motion to strike pursuant to La.Code Civ.P. art 971. In that motion, Mr. Page asserted that his statements were true and/or substantially true, that his statements were in furtherance of his right of free speech under the United States and Louisiana constitutions, and that his statements were made in connection with a public issue or an issue of public interest.

After a September 8, 2008 hearing on the motion, the trial court took the issue under advisement. On September 11, 2008, the trial court issued written reasons for judgment wherein it concluded that Mr. Page failed to meet his burden, under La.Code Civ.P. art. 971, of proving that his statement arose from his right of free speech regarding a public issue. Specifically, the trial court found that "[t]he

statement by the defendant regarding what the plaintiff said, does not pertain to a public issue. These are private statements between private individuals acting in no official capacity and with no public figure or activity involved." However, the trial court went further to suggest that it had reviewed Mr. Page's motion as if it were a motion for summary judgment and concluded that Mr. Page was entitled to summary judgment relief. In its judgment, issued October 9, 2008, the trial court dismissed Mr. Savoie's claims against Mr. Page, with prejudice, casting Mr. Savoie with all costs of the proceedings.[1]

Mr. Savoie now appeals, asserting two assignments of error:

1.    The trial Court was correct in denying Mr. Page's Special Motion to Strike, but erred in granting a Summary Judgment dismissing Mr. Savoie's lawsuit.

2.    The trial Court erred in failing to award Mr. Savoie attorney's fees pursuant to *La. Code of Civ. Proc. Art. 971.*

Mr. Page has answered the appeal, arguing that the trial court made two errors:

1.    Failing to grant the Special Motion to Strike filed on behalf of Defendant-Appellee, particularly including, but not limited to, failing to find Defendant-Appellee satisfied his burden and/or that

---

[1]At the close of the hearing on September 8, 2008, the trial court stated that it was granting Mr. Page's special motion to strike. However, in its judgment issued October 9, 2008, the trial court dismissed Mr. Savoie's claims against Mr. Page, with prejudice, casting Mr. Savoie with all costs of the proceedings. We rely on the judgment, not the trial court's oral statements at the close of the hearing; when the oral reasons conflict with the written judgment, it is the written judgment that governs. *Marino v. Marino*, 576 So.2d 1196 (La.App. 5 Cir. 1991). Thus, despite the trial court's statements at the close of the hearing, it is clear that the trial court did not grant the special motion to strike. The judgment, signed and rendered October 9, 2008, reads as follows:

This matter comes before the Court on motion filed by the Defendant, Don Page. Considering the law, evidence submitted, and argument of counsel, judgment is rendered herein as follows:

**IT IS ORDERED, ADJUDGED AND DECREED THAT** the claims and demands of Plaintiff, Raymond Savoie, against Defendant, Don Page, are hereby dismissed, with prejudice with Plaintiff cast for all costs of these proceedings.

**JUDGMENT READ, RENDERED AND SIGNED** this 9th day of October, 2008, in Lafayette, La.

the cause of action arises from the exercise of Defendant-Appellee's rights of free speech in connection with a public issue.

2. Failing to award Defendant-Appellee reasonable attorney fees and costs[.]

**OPINION**

Given the manner in which the trial court rendered its opinion, we begin our analysis by considering Mr. Page's first assignment of error, in which Mr. Page asserts that the trial court erred in not granting his special motion to strike.

Louisiana Code of Civil Procedure Article 971 provides, in pertinent part:

A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.

The purpose of the special motion to strike "is to encourage continued participation in matters of public significance and to prevent this participation from being chilled through an abuse of judicial process." *Lamz v. Wells*, 05-1497, p. 5 (La.App. 1 Cir. 6/9/06), 938 So.2d 792, 796. "In order to succeed under Article 971, the movant must make a prima facie showing that the matter arises from an act in furtherance of his or her right of free speech or the right of petition and in relation to a public issue." *Hunt v. Town of New Llano*, 05-1434, p. 2 (La.App. 3 Cir. 5/3/06), 930 So.2d 251, 254, *writ denied*, 06-1852 (La. 10/27/06), 939 So.2d 1283. If the movant is successful in meeting that burden, the plaintiff may still defeat the motion

3

to strike if he or she can "demonstrate a probability of success on his or her own claim." *Id.*

Thus, the first question before us is whether Mr. Page established that the claim against him arises from some act of his in furtherance of his right of free speech in connection with a public issue. The consideration of a special motion to strike under La.Code Civ.P. art. 971 involves issues of law, and we are required to conduct a *de novo* review of the trial court's application of the law to those issues. *Gwandiku v. State Farm Mut. Auto Ins. Co.*, 07-580 (La.App. 3 Cir. 10/31/07), 972 So.2d 334. In considering the first question before us, we note that La.Code Civ.P. art. 971(F)(1) provides:

> As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:
>
> (1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes, but is not limited to:
>
> (a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.
>
> (b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.
>
> (c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.
>
> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Mr. Savoie's complaint in his petition for damages is that on more than one occasion during June and July of 2007, Mr. Page "made false and defamatory

4

statements concerning [him] to others, in an apparent effort to defame [his] character and reputation and to oust him from Shady Pines Hunting Club, Inc." Specifically, Mr. Savoie accused Mr. Page of stating to others that Mr. Savoie had threatened him and others with physical confrontations in the woods during the upcoming hunting seasons. Mr. Savoie does not specify in his pleadings to whom and where Mr. Page made these allegedly defamatory statements, other than to assert that Mr. Page informed members of the Hunting Club of Mr. Savoie's alleged threats on June 25, 2007. Mr. Page acknowledges that he reported Mr. Savoie's threats to the board of the Hunting Club and that the threats were discussed during the June 25, 2007 board meeting.

While the report of threats of physical confrontation to law enforcement or another governmental agency would be a public issue, we cannot construe a similar report made only to individual members of and the board of a private hunting club to be a public issue. *See Kennedy v. Sheriff of East Baton Rouge*, 05-1418 (La. 7/10/06), 935 So.2d 669. Because we find that Mr. Page did not meet his burden of proving that his statements were made in connection with a public issue, we hold that the trial court did not err in denying Mr. Page's special motion to strike under La.Code Civ.P. art. 971. Thus, we find no merit in Mr. Page's first assignment of error.

We next turn to Mr. Savoie's first assignment of error, wherein he asserts that the trial court erred in granting summary judgment in favor of Mr. Page. We agree.

The issue before the trial court was limited to consideration of the special motion to strike pursuant to La.Code Civ.P. art. 971. Once the trial court determined that Mr. Page's statements were not made in connection with a public issue, the inquiry under this statute ceased and the trial court was obligated to reject the motion.

5

We recognize that under La.Code Civ.P. art. 865, "[e]very pleading shall be so construed as to do substantial justice." However, that rule of law applies generally where a particular pleading has been improperly designated and not when it specifically addresses the relief sought. The issues and burdens imposed under La.Code Civ.P. art. 966 (the summary judgment provision) and those imposed under La.Code Civ.P. art. 971 are entirely different. Thus, the trial court erred in converting Mr. Page's motion to a summary judgment proceeding and rendering judgment in his favor.

Finally, we address Mr. Savoie's assertion that, because the trial court found Mr. Page's special motion to strike to be without merit, he is entitled to an award of attorney fees and costs. We agree. Louisiana Code of Civil Procedure Article 971(B) provides that

> In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike *shall* be awarded reasonable attorney fees and costs.

(Emphasis added.)

Mr. Savoie was the prevailing party on the special motion to strike. Pursuant to La.Code Civ.P. art. 971(B), we award Mr. Savoie $5,000.00 as attorney fees for work performed at trial as well as on appeal. *See Vickers v. Interstate Dodge, Inc.*, 04-109 (La.App. 3 Cir. 9/29/04), 882 So.2d 1236. Additionally, we assess all trial costs and costs on appeal to Mr. Page.

**DISPOSITION**

For the foregoing reasons, we affirm the trial court's judgment rejecting the special motion to strike filed by Don Page under La.Code Civ.P. art. 971, reverse the trial court's judgment granting summary judgment in favor of Don Page, and remand

6

the matter to the trial court for further proceedings.  We render judgment awarding

Raymond Savoie $5,000.00 in attorney fees pursuant to La.Code Civ.P. art. 971(B).

We assess all costs of court, both at the trial court and on appeal, to Don Page.

**AFFIRMED IN PART, REVERSED IN PART, RENDERED IN PART, AND REMANDED.**