# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 15-1089

DINA M. BOHN

VERSUS

KENNETH MILLER

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE, DOCKET NO. 20150018 "F"**
**HONORABLE DAVID M. SMITH, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

Scott M. Hawkins
R. Chris Oetjens
Karla H. Smith
Hawkins Oetjens, LLC
4980 Bluebonnet Boulevard, Suite A
Baton Rouge, Louisiana 70809
(225) 935-2222
COUNSEL FOR PLAINTIFF/APPELLANT:
    Dina M. Bohn

**Emile Joseph, Jr.**
**David J. Ayo**
**Allen & Gooch, A Law Corporation**
**2000 Kaliste Saloom Road, Suite 400**
**Lafayette, Louisiana 70508**
**Post Office Box 81129**
**Lafayette, Louisiana 70598-1129**
**(337) 291-1310**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Kenneth Miller**

**GENOVESE, Judge.**

In this tort action for defamation and malicious prosecution, Plaintiff, Dina M. Bohn, appeals the trial court judgment granting a special motion to strike in favor of Defendant, Kenneth Miller, and dismissing Ms. Bohn's petition, with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ms. Bohn filed a Petition for Damages for Defamation and Malicious Prosecution against Mr. Miller, alleging that he had filed a report with the Lafayette Police Department complaining that Ms. Bohn had committed the offense of unauthorized use of an access card, which resulted in her being arrested. Ms. Bohn contended that Mr. Miller made the complaint maliciously and with the intent to defame and cause her harm, thereby entitling her to recover damages arising out of her criminal prosecution.

Mr. Miller responded to the lawsuit by filing a Special Motion to Strike on the grounds that his action of reporting what he believed to be criminal activity to the police was protected speech. Mr. Miller, therefore, sought a dismissal of Ms. Bohn's claims against him.

At the hearing on June 15, 2015, the trial court granted Mr. Miller's Special Motion to Strike and dismissed Ms. Bohn's claims, with prejudice. A judgment in accordance therewith was signed August 5, 2015. Ms. Bohn appeals.

## ASSIGNMENTS OF ERROR

Ms. Bohn presents the following assignments of error for our review:

1. The trial court committed legal and reversible error by failing to apply the proper legal standard and analysis necessary to support the granting of a special motion to strike filed pursuant to [La.Code Civ.P.] art. 971.

2. The trial court committed legal and reversible error by finding, as a matter of law, that Mr. Miller's false reporting of a crime was speech protected under the United States and/or Louisiana Constitutions.

3. The trial court committed legal and reversible error by finding, as a matter of law, that Dina Bohn did not prove a substantial likelihood of success in prosecuting her claims.

## LAW AND DISCUSSION

Mr. Miller's Special Motion to Strike was filed pursuant to La.Code Civ.P. art. 971, which provides, in relevant part:

A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.

. . . .

F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.

(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

2

(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

This court discussed the purpose of La.Code Civ.P. art. 971, and the proper application thereof, in *Aymond v. Dupree*, 05-1248, p. 7 (La.App. 3 Cir. 4/12/06), 928 So.2d 721, 727, *writ denied*, 06-1729 (La. 10/6/06), 938 So.2d 85, stating as follows:

Article 971 was enacted by the legislature as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. *Lee v. Pennington*, 02-381 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, *writ denied*, 02-2790 (La.1/24/03), 836 So.2d 52. Accordingly, La.Code Civ.P. art. 971 provides that a cause of action against a person arising from any act in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

Thus, the moving party must first satisfy the burden of proving that the cause of action arises from an act in the exercise of his right of free speech regarding a public issue. If the mover satisfies this initial burden of proof, then the burden shifts to the plaintiff to show a probability of success on his claim.

In her first assignment of error, Ms. Bohn contends that the trial court applied an improper legal standard and analysis when considering Mr. Miller's Special Motion to Strike. This court has set forth the legal standard and analysis relative to the special motion to strike as follows: "The consideration of a special motion to strike under La.Code Civ.P. art. 971 involves issues of law, and we are required to conduct a *de novo* review of the trial court's application of the law to

3

those issues." *Savoie v. Page*, 09-415, p. 4 (La.App. 3 Cir. 11/4/09), 23 So.3d 1013, 1016, *writ denied*, 10-96 (La. 4/5/10), 31 So.3d 365.

Ms. Bohn's second assignment of error addresses the purported error of the trial court in concluding that the "false reporting of a crime was a speech protected under the United States and/or Louisiana Constitutions." Specifically, Ms. Bohn argues that Mr. "Miller knowingly, willfully[,] and falsely reported the commission of a crime" and that "[t]he false reporting of a crime is not protected speech." We observe that "falsity is an element of a defamation claim to be proved by [Ms. Bohn] as plaintiff after the burden shifts to [her]." *Aymond*, 928 So.2d at 728. However, insomuch as it has been held that "[a] good faith report to law enforcement officers of suspected criminal activity may appropriately be characterized as speech on a matter of public concern[,]" the truthfulness and good faith of Mr. Miller in making the report to law enforcement is relevant to our inquiry. *Cook v. Am. Gateway Bank*, 10-295, p. 13 (La.App. 1 Cir. 9/10/10), 49 So.3d 23, 33 (citing *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418 (La. 7/10/06), 935 So.2d 669).

The record in the case at bar establishes that while Ms. Bohn was working for Miller Financial Services,[1] she was entrusted with an American Express card to be used for business purposes. During the time of her employment, Mr. Miller learned that Ms. Bohn used the card to purchase tickets to Super Bowl XLIV. Although there is some disagreement as to whether Ms. Bohn subsequently quit or was fired, it is undisputed that after she was no longer in Mr. Miller's employ, she again used the American Express card to purchase New Orleans Saints tickets.

---

[1]According to the Special Motion to Strike, Ms. Bohn "was hired by Miller Financial Services, in which [Mr.] Miller is the managing member."

4

When Mr. Miller became aware of the purchase, he reported the incident to the Lafayette Police Department. After notifying law enforcement, Mr. Miller had no continued involvement in the police investigation.

The record indicates that Detective Malcolm Bussey, with the Lafayette Police Department, investigated the matter. Detective Bussey obtained documentation from RazorGator, the entity that sold the tickets to Ms. Bohn, documentation from American Express, and he also spoke to Ms. Bohn. After Detective Bussey confirmed that Ms. Bohn had purchased the tickets, he executed an affidavit for purposes of obtaining an arrest warrant, averring that Ms. Bohn "**did knowingly, willfully and unlawfully make an unauthorized purchase, using an American Express Credit Card, belonging to Mr. Kenneth Miller, in the amount of $2,568.95, with the intent to deprive Mr. Miller in violation of the Louisiana Revised Statute[s] 14:67.3.**" Ms. Bohn was ultimately charged with unauthorized use of an access card. According to the minutes of the trial court in the criminal proceedings, Ms. Bohn made full restitution, and the criminal matter was dismissed.

The crux of Ms. Bohn's argument is that when Mr. Miller reported her use of the credit card to the police, he "had actual knowledge that she was an authorized user of the credit card and that he specifically and intentionally withheld pertinent information from the police and [the] district attorney[.]" Ms. Bohn argues that Mr. Miller failed to disclose to law enforcement that the card had been issued in her name and that she was an authorized user of the card, which renders him liable to her for the damages she sustained. We find no merit to Ms. Bohn's contentions.

5

First, the evidence introduced at the hearing on Mr. Miller's Special Motion to Strike does not support Ms. Bohn's arguments on appeal. Although Ms. Bohn is emphatic that she was an authorized user of the credit card, law enforcement's independent investigation concluded otherwise, and they proceeded to charge her with a crime. Unequivocally, at the time Ms. Bohn made the second charge on the credit card, she was no longer working for Mr. Miller, and she did not have authority to use the card. Moreover, based upon the record which evidences the investigation conducted by Detective Bussey, Mr. Miller's statements to law enforcement were not the "sole evidence" against her, as she contends.

Second, Mr. Miller was certainly within his rights to notify law enforcement that the credit card had been used without his permission, both when Ms. Bohn was in his employ, and especially when it was again used after she no longer worked for him. Thereafter, the appropriate law enforcement agency conducted its own independent investigation into the matter, independently obtained evidence, made its own conclusions, and proceeded to charge Ms. Bohn on its own volition. Additionally, Ms. Bohn states in her brief to this court that the criminal matter was resolved "in her favor[;]" in fact, the record reflects a dismissal **only after** Ms. Bohn made full restitution to Mr. Miller.

Lastly, as mentioned above, the purported falsity of the statements urged by Ms. Bohn are pertinent to her claims of defamation and malicious prosecution and are misplaced in an analysis of whether the speech is protected, except as they relate to the good faith, *vel non*, of Mr. Miller when the incident was reported. As stated above, generally, the reporting of suspected criminal activity to law enforcement is protected speech. *See Cook*, 49 So.3d 23; *Kennedy*, 935 So.2d 669; and, *Jalou II, Inc. v. Liner*, 10-48 (La.App. 1 Cir. 6/16/10), 43 So.3d 1023. Thus,

we conclude that Mr. Miller clearly proved that Ms. Bohn's claims against him did arise from his actions in furtherance of his right of free speech. Thus, Mr. Miller met his initial burden of proof and we find no merit in Ms. Bohn's second assignment of error.

Having concluded that Mr. Miller successfully met his initial burden of proof, we must next consider whether Ms. Bohn was able to demonstrate "a probability of success" on her claims in order to defeat the Special Motion to Strike. La.Code Civ.P. art. 971(A)(1). In her third assignment of error, she asserts that the trial court erred in this regard. After considering the claims of defamation and malicious prosecution, we find no merit to this contention.

> Relative to a claim for defamation, this court has opined:

> [T]o maintain an action for defamation, [a plaintiff] has the burden of proving five elements: (1) defamatory words; (2) unprivileged publication; (3) falsity; (4) malice (actual or implied); and, (5) injury. *Gugliuzza v. K.C.M.C., Inc.*, 606 So.2d 790 (La.1992). Defamation involves the invasion of a person's interest in his or her reputation and good name. *City of Natchitoches v. Employers Reinsurance Corp.*, 02-147 (La.App. 3 Cir. 6/5/02), 819 So.2d 413. A defamatory communication or defamatory words are those which harm the reputation of another so as to lower him in the estimation of the community or to deter others from associating with him. *Connor v. Scroggs*, 35,521 (La.App. 2 Cir. 6/12/02), 821 So.2d 542; *See also*, *Sassone v. Elder*, 626 So.2d 345 (La.1993).

*Aymond*, 928 So.2d at 728.

Ms. Bohn's second claim, malicious prosecution, requires proof of the following six elements.

> (1) [T]he commencement or continuance of an original criminal or civil law judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

7

*Jones v. Soileau*, 448 So.2d 1268, 1271 (La.1984).

*Darden v. Smith*, 03-1144, p. 11 (La.App. 3 Cir. 6/30/04), 879 So.2d 390, 398-99, *writ denied*, 04-1955 (La. 11/15/04), 887 So.2d 480.

Although they are different causes of action, both defamation and malicious prosecution have "malice" as a common element, and the same factual discussion applies to each. Ms. Bohn emphasizes her belief that "she was an authorized user" of the credit card. Her argument, however, is unconvincing, especially considering the fact that Mr. Miller's complaint arose not only from Ms. Bohn's use of the credit card during her employ, but notably, also from her use of the credit card and charges she made **after** she was no longer in his employ. Considering that Ms. Bohn used the credit card on more than one occasion, and that she did so when she was no longer employed by Mr. Miller, his reporting of the incident to law enforcement simply cannot be characterized as malicious. Mr. Miller was within his rights to notify law enforcement of what he considered to be criminal activity. Further, the investigation and the decision to pursue and file criminal charges against Ms. Bohn were not Mr. Miller's action; rather, they were the independent actions of law enforcement. Given these facts, Ms. Bohn failed to demonstrate "a probability of success" on her claims due to an inability to show that Mr. Miller acted with malice. La.Code Civ.P. art. 971(A)(1)

Additionally, with respect to the element of causation in a malicious prosecution action, the jurisprudence recognizes that "[a]n independent investigation by law enforcement of a complaint made by a citizen may break the chain of causation between the complaint and the ultimate commencement of a criminal proceeding." *LeBlanc v. Pynes*, 46,393, p. 10 (La.App. 2 Cir. 7/13/11),

8

69 So.3d 1273, 1281, *writ denied*, 11-1792 (La. 10/14/11), 74 So.3d 213. The court, in *LeBlanc*, found that the "testimony did not indicate a separate, independent investigation to such a degree that the chain of causation is broken" given the evidence before it. *Id.* Conversely, in this case, the record establishes that there was a complete independent investigation by law enforcement and that Mr. Miller's involvement ceased after he made his report to the police. These facts are akin to those in *Jalou*, 43 So.3d at 1040, wherein the first circuit found that plaintiffs "failed to show that they [could] likely prevail as to the issue of causation" when "the defendant's employees merely reported their suspicions [of criminal activity] to law enforcement personnel, and the law enforcement personnel thereupon conducted their own investigation."

For the foregoing reasons, based upon the record, we find that Mr. Miller satisfied his burden of proving that his reporting of Ms. Bohn's unauthorized use of the credit card to law enforcement was protected speech. Thereafter, Ms. Bohn failed to satisfy her burden of proving that she was likely to prevail on the element of malice, which is required both for her claims of defamation and malicious prosecution. Additionally, she has not established that she is likely to prevail on the requisite element of causation for purposes of her claim for malicious prosecution.

## DECREE

For the reasons set forth herein, we affirm the trial court judgment granting a special motion to strike in favor of Defendant, Kenneth Miller, and dismissing Ms. Bohn's petition, with prejudice. Costs of this appeal are assessed to Dina M. Bohn.

**AFFIRMED.**